THE WILLIAMS HARVESTER CO. V. POPE.

1. **Agent:** SALE OF MACHINES: BREACH OF CONTRACT BY PRINCIPAL: EVIDENCE. Where the principal agreed to use its best efforts to furnish machines to its agent as fast as ordered, *held* that it was error to allow the agent, in an action to recover for a breach of the contract, to testify that he had *sold* five machines, in the absence of any averment or evidence that he had *ordered* them, or that his principal had not used its best efforts to furnish such, if any, as had been ordered.

2. —— : —— : RECOVERY FOR SALES NOT WITHIN CONTRACT. In such case, where the contract provided that the agent should make sales "to such persons only as are known to be responsible, and of good reputation for the payment of their debts," *held* that the agent could not recover compensation for sales made on credit to persons not shown to be such as were contemplated in the contract.

*Appeal from Wright Circuit Court.*

WEDNESDAY, OCTOBER 13.

ACTION UPON AN ACCOUNT. The defendant denied that there was anything due from him, and pleaded a counter-claim. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*Prouty & Taft, W. T. R. Humphrey* and *Deacon & Smith,* for appellant.

*Nagle & Birdsall,* for appellee.

ADAMS, CH. J.—I. The defendant was, on the tenth day of January, 1884, appointed by the plaintiff its agent for the sale of its harvesters and binders. On the same day the parties entered into a written contract in which the rights and obligations of the parties were set forth with considerable fullness. One of the provisions of the contract is in these words: " The said first party [being the plaintiff herein] agrees to use its best efforts to complete and ship all machines herein and here-

after ordered, but shall not be held responsible to said agent for failure to furnish machines where the demand exceeds the supply."

One item of the counter-claim made by the defendant is for $225, being the damages alleged to have been sustained by reason of the failure of the plaintiff to furnish five machines. The defendant was allowed to testify, against the objections of the plaintiff, that he sold five machines, and the allowance of such evidence is assigned as error. In our opinion, the court erred. The plaintiff did not agree to furnish five machines, nor any other specific number. The plaintiff agreed to use its best efforts to furnish the machines that should be ordered. But there is neither averment nor evidence that the defendant ordered five machines, nor that the plaintiff did not use its best efforts to furnished such machines, if any, as were ordered.

II.   The plaintiff asked the court, in substance, to instruct the jury that the defendant could not recover for sales made un-

2. ——: ——:  less made within the terms of the contract. This in-
recovery for
sales not with-   struction the court refused to give, and the refusal is
in contract.   assigned as error.   In our opinion, the instruction should have been given.   If the evidence had shown that the sales were made within the terms of the contract, we might perhaps have been justified in saying that the refusal to instruct as asked was without prejudice.   But the contract provides that sales upon credit should be made "to such persons only as are known to be responsible, and of good reputation for the payment of their debts."   The evidence shows that at least a part of the sales were made on credit, and we see no evidence as to the character of the persons to whom they were made.

In our opinion, the judgment of the circuit court must be
                                                    REVERSED.